UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| |
|---|
| SCOTT WEISCOPE, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>-against-<br><br>BETTERMENT LLC and BETTERMENT HOLDINGS, INC.,<br><br>Defendants. |

Case No. 1:26-cv-00448 (JLR)

**ORDER**

JENNIFER L. ROCHON, United States District Judge:

Plaintiff Scott Weiscope brings this putative nationwide class action against Defendants Betterment LLC and Betterment Holdings, Inc., invoking the Court's subject matter jurisdiction on the ground of diversity of citizenship. *See* 28 U.S.C. § 1332(d). Plaintiff alleges that he is a citizen of Illinois, *see* Dkt. 1 ("Complaint") ¶ 14, that Defendant Betterment LLC is a citizen of New York, *see id.* ¶ 15, and that Defendant Betterment Holdings, Inc. is also a citizen of New York, *see id.* ¶ 16.

It is well established that "[a] corporation is a citizen of the state(s) in which it is incorporated and has its principal place of business." *See Kingsley v. BMW of N.A. LLC*, No. 12-cv-00234 (JPO), 2012 WL 1605054, at *4 (S.D.N.Y. May 8, 2012) (citing 28 U.S.C. § 1332(c)(1)). Additionally, for purposes of class action claims brought under the Class Action Fairness Act ("CAFA"), "an unincorporated association shall be deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is organized." 28 U.S.C. § 1332(d)(10). Thus, a class-action complaint premised upon diversity of citizenship must allege the place of incorporation and principal place of business of any corporate entities or unincorporated associations.

Further, a party's citizenship "must be affirmatively pled." *Prospect Funding Holdings, LLC v. Fennell*, No. 15-cv-04176 (LLS), 2015 WL 4477120, at *1 (S.D.N.Y. July 15, 2015) (citing *Cameron v. Hodges*, 127 U.S. 322 (1888)); *see also* 15 Moore's Federal Practice § 102.31 (3d ed. 2013) ("Diversity cannot be established through an allegation that a party is *not* a citizen of the state of which the other party is a citizen.  There must be an affirmative allegation that the adverse party is a citizen of some other named state . . . or an alien.").  In the present case, the Complaint fails to affirmatively plead the place of incorporation of either Defendant.  *See Leveraged Leasing Admin. Corp. v. PacifiCorp Cap., Inc.*, 87 F.3d 44, 47 (2d Cir. 1996) (holding that a complaint that fails to plead citizenship of relevant parties does not properly assert diversity jurisdiction).

Accordingly, it is hereby ORDERED that, on or before **January 30, 2026**, Plaintiff shall amend his Complaint to affirmatively allege the place of incorporation and principal place of business of both Defendants.  If, by that date, Plaintiff is unable to amend the Complaint to truthfully allege complete diversity of citizenship, then the Complaint will be dismissed for lack of subject matter jurisdiction without further notice to either party.

Dated:  January 20, 2026
　　　　New York, New York

SO ORDERED.

_____
JENNIFER L. ROCHON
United States District Judge